UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. MILLER,

               Plaintiff,

v.

ANDREA R. WOOD, et al.,

               Defendants.

Case No. 2:25-cv-12594

Honorable Susan K. DeClercq
United States District Judge

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 3), DENYING AS MOOT PLAINTIFF'S MOTIONS TO AMEND CASE CAPTION (ECF Nos. 4; 5), DENYING AS MOOT DEFENDANTS' *EX PARTE* MOTION TO STAY DUE TO LAPSE OF APPROPRIATIONS (ECF No. 6) AND DISMISSING PLAINTIFF'S COMPLAINT**

In July 2025, Plaintiff John W. Miller sued six federal judges. Now, all six Defendants seek dismissal of Miller's complaint, arguing that they are entitled to absolute judicial immunity and, alternatively, that this Court may not exercise personal jurisdiction over any of the Defendants, none of whom reside in Michigan. As explained below, Defendants' motion will be granted and Miller's complaint will be dismissed.

## I. BACKGROUND

Miller's complaint, which was filed in Wayne County Circuit Court, is short and difficult to follow. *See* ECF No. 1 at PageID.10–12. As best this Court can discern, Miller alleges that he is the CEO of AppProved Software Corporation (ASC), *id.* at PageID.12, and that ASC is "a sovereign Article III Enforcement Authority and exclusive owner of" a copyright, *id.* at PageID.10. He further alleges that Defendants—all of whom are federal judges[1]—have conspired to carry out a "campaign of judicial sabotage . . . against [Miller's and ASC's] Constitutional and property rights" by "procedural sabotage, docket manipulation," and suppression of enforcing "valid legal rights." *Id.* at PageID.11–12. To that end, Miller asserts that Defendants are "a federal RICO gang operating under color of law." *Id.* at PageID.11.

---

[1] Defendant Andrea Wood is a U.S. District Judge for the Northern District of Illinois. ECF No. 3 at PageID.24. Defendant Jamal Whitehead is a U.S. District Judge for the Western District of Washington. *Id.* Defendant Patricia Tolliver Giles is a U.S. District Judge for the Eastern District of Virginia. *Id.* Defendant John Cronan is a U.S. District Judge for the Southern District of New York. *Id.* Defendant Edward Myers is a U.S. Judge for the Federal Court of Claims. *Id.* And Defendant Robyn Tarnofsky is a U.S. Magistrate Judge for the Southern District of New York. *Id.* This Court takes judicial notice of the fact that all of the Defendants named in Miller's complaint, ECF No. 1 at PageID.10–12, are federal judges under Fed. R. Evid. 201(b)(2).

On August 20, 2025, Defendant Meyers removed Miller's complaint to federal court under 28 U.S.C. § 1442(a)(1). ECF No. 1 at PageID.1. Five days later, all Defendants filed a joint motion to dismiss. ECF No. 3.

Miller did not respond to Defendants' motion to dismiss, but instead filed two motions seeking to "correct" the case caption by substituting ASC as the named plaintiff instead of Miller himself. ECF Nos. 4; 5. According to Miller, ASC is "the real party in interest" because it—not Miller—owns the copyright at issue. ECF Nos. 4 at PageID.33; 5 at PageID.37. Miller also requested that his "personally identifying information" be removed from the public docket. ECF Nos. 4 at PageID.33; 5 at PageID.37. Defendants objected to his requests. ECF No. 8.

A week later, Defendants filed an *ex parte* notice seeking to stay the case due to a lapse in appropriations for the Department of Justice (DOJ) which prohibited all DOJ attorneys from working. ECF No. 6. After Congress appropriated funds for the DOJ on November 12, 2025, Defendants filed a notice of their intent to withdraw their October 2025 motion to stay. ECF No. 7.

## II. LEGAL STANDARD

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the

plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."). Otherwise, the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

### III. DISCUSSION

At the outset, this Court notes that although Defendants raise their judicial immunity argument under Civil Rule 12(b)(1), *see* ECF No. 3 at PageID.26, the Sixth Circuit has directed courts to consider "[t]he availability of absolute judicial immunity in the context of a Rule 12(b)(6) motion to dismiss." *Leech v. DeWeese*, 689 F.3d 538, 541 (6th Cir. 2012); *see also Harris v. Sec'y of State*, No. 23-5833,

- 4 -

2024 WL 4225713, at *3 (6th Cir. May 29, 2024) (noting that "judicial immunity is not a jurisdictional doctrine that deprives a court of the power to adjudicate a claim"). Thus, this Court will consider Defendants' judicial immunity argument as one brought under Civil Rule 12(b)(6). *See Tatar v. Nugent*, No. 2:25-CV-10296, 2025 WL 2463148, at *2 (E.D. Mich. Aug. 26, 2025) (construing the defendant's judicial immunity argument under Rule 12(b)(1) as one under Rule 12(b)(6)).

It is well settled that "[j]udges generally receive broad immunity from suit." *Orta v. Repp*, No. 23-3034, 2023 WL 5666161, at *2 (6th Cir. Sept. 1, 2023) (citing *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019)). Importantly, judicial immunity extends even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *See Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Indeed, there are only two exceptions to judicial immunity. *See id.* A judge is not immune from suit for acts that are (1) not judicial in nature; or (2) performed in the absence of jurisdiction. *See id.*

Here, all of Miller's claims—as best this Court can make out—are based upon his dissatisfaction with how these judges handled cases relating to a patent owned by ACS. *See generally* ECF No. 1 at PageID.11 (alleging Defendants' denial of jury trial and other requests or filings were "a **judicial RICO cabal**.") Miller's complaint does not allege that their acts were not judicial in nature or performed in the absence of jurisdiction. *See id.* at PageID.10–12. To the contrary, it appears the acts Miller

- 5 -

takes issue with—denial of motions, dismissal of cases, and management of dockets—are inherently judicial in nature. *See id.* And there is no allegation whatsoever that these acts were performed without jurisdiction. *Id.* Thus, all Defendants here are entitled to judicial immunity.[2] *See Brookings*, 389 F.3d at 617. Therefore, Miller's complaint will be dismissed with prejudice, and all outstanding motions, ECF Nos. 4; 5; 6, will be denied as moot. *See id.*

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 3, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Motions to Amend Case Caption, ECF Nos. 4; 5, are **DENIED AS MOOT**.

Further, it is **ORDERED** that Defendants' Ex Parte Motion to Stay, ECF No. 6, is **DENIED AS MOOT**.

Finally, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1 at PageID.10–12, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 11, 2026

---

[2] Even if this Court had granted the relief Miller requested in his motions to amend the case caption, ECF Nos. 4; 5, and substituted ASC as the named plaintiff, judicial immunity would still apply, and the complaint would still be dismissed.