UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. MILLER,

                Plaintiff,

v.

ANDREA R. WOOD, et al.,

                Defendants.

Case No. 2:25-cv-12594

Honorable Susan K. DeClercq
United States District Judge

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 12), VACATING MARCH 11, 2026 OPINION & ORDER (ECF No. 10) AND JUDGMENT (ECF No. 11), DISMISSING CASE WITHOUT PREJUDICE, AND DENYING AS MOOT PLAINTIFF'S REMAINING MOTIONS (ECF Nos. 14; 15; 23)**

This matter is before the Court on Plaintiff John W. Miller's motion to alter or amend this Court's March 11, 2026 Judgment. As explained below, Miller's motion will be granted, and this Court will vacate its March 11, 2026 Opinion & Order and Judgment. Thus, Miller's March 10, 2026 notice of voluntary dismissal will serve as the final order in this matter that dismisses the case without prejudice.

## I. BACKGROUND

In July 2025, Plaintiff John W. Miller filed a complaint in Wayne County Circuit Court suing six federal judges. *See* ECF No. 1 at PageID.10–12. On August

20, 2025, one Defendant removed Miller's complaint to federal court under 28 U.S.C. § 1442(a)(1). *Id.* at PageID.1. Five days later, all Defendants filed a joint motion to dismiss. ECF No. 3.

On March 11, 2026, this Court granted Defendants' motion to dismiss and entered judgment in favor of Defendants. *See* ECF Nos. 10; 11. But the day before this Court docketed its Opinion & Order and its Judgment, ECF Nos. 10, 11, Miller filed a "Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)." ECF No. 9. So on March 16, 2026, Miller filed a motion to alter or amend this Court's Judgment under Civil Rule 59(e). ECF No. 12.

Since then, Miller has also filed several notices, supplemental filings, and motions seeking to remand the case to state court and substitute the named plaintiff. *See* ECF Nos. 13–18; 20–23.

## II. LEGAL STANDARD

"Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich LR 7.1(h)(1). Under Civil Rule 59(e), a party may file a "motion to alter or amend a judgment" within 28 days after entry of judgment. FED. R. CIV. P. 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (internal quotation marks and citation

omitted). The grounds for amending a judgment are limited: "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cnty.*, 402 F. App'x 107, 108 (6th Cir. 2010) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

### III. DISCUSSION

Miller's motion will be granted, and this Court will vacate its March 11, 2026, Opinion & Order, ECF No. 10, and Judgment, ECF No. 11, because it was a clear error of law for this Court to address Defendants' motion to dismiss and enter judgment when Miller had already voluntarily dismissed his case under Civil Rule 41(a)(1)(A)(i). *See* ECF No. 9. Indeed, under Civil Rule 41(a)(1)(A)(i), when a plaintiff files "a notice of voluntary dismissal before the opposing party serves either an answer or a motion for summary judgment," the plaintiff's case is dismissed without the need for a court order. FED. R. CIV. P. 41(a)(1)(A)(i). True, Defendants had filed a motion to dismiss. *See* ECF No. 3. But a motion to dismiss does not bar a plaintiff from voluntarily dismissing their case under Civil Rule 41(a)(1)(A)(i). *See Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (noting that a motion to dismiss does not qualify as a motion for summary judgment to bar voluntary dismissal under Rule 41(a)(1)(A)(i)); *see also Seals v. Scutt*, No. 10-CV-15054, 2011 WL 1793331,

at *1 (E.D. Mich. Apr. 20, 2011), *report and recommendation adopted,* No. 10-15054, 2011 WL 1792771 (E.D. Mich. May 11, 2011) (same). Thus, Miller's motion, ECF No. 12, will be granted; this Court will vacate the March 11, 2026 Opinion & Order and Judgment, ECF Nos. 10; 11; and Miller's March 10, 2026 notice of voluntary dismissal without prejudice, ECF No. 9, will end this case.

As for the other motions Miller filed in the last month, those motions will be denied as moot because his case is closed. *See* ECF Nos. 14; 15; 23.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, ECF No. 12, is **GRANTED**.

Further, it is **ORDERED** that this Court's March 11, 2026, Opinion & Order, ECF No. 10, and Judgment, ECF No. 11, are **VACATED**.

Further, it is **ORDERED** that Plaintiff's March 10, 2026, Notice of Voluntary Dismissal, ECF No. 9, dismisses Plaintiff's case **WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's remaining motions, ECF Nos. 14; 15; 23, are **DENIED AS MOOT**.

**This is a final order.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 4, 2026

- 4 -